UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWANSON and HEATHER SWANSON-HOUSTON,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>YUBA CITY UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　　　Defendants. | No. 2:14-cv-01431-KJM-DAD<br><br><br>ORDER |

　　　　This matter is before the court on defendants' motions to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to strike the complaint under Federal Rule of Civil Procedure 12(f). Defs.' Mot., ECF No. 17. Also before the court is defendants' request for judicial notice. Req. Judicial Notice (RJN), ECF No. 17-2. The matter is decided on the papers. For the following reasons, defendants' motions are denied.

I.　　INTRODUCTION

　　A.　　Procedural Background

　　　　On June 16, 2014, plaintiffs filed a complaint, seeking a review and reversal of a decision of an Administrative Law Judge under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(2) (IDEA)) and claiming violations of Section 504 of the Rehabilitation Act

1

of 1973, § 29 U.S.C.A. §749 *et seq.* (discrimination and retaliation), the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* (discrimination and retaliation), and the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* ECF No. 1. Defendants filed this motion on December 12, 2014, arguing that the complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in a simple, concise and direct manner. ECF No. 17. Defendants also allege the complaint contains redundant, immaterial, impertinent, and scandalous matter. *Id*. Additionally, defendants seek dismissal of the fourth, fifth and sixth claims and dismissal of the complaint in its entirety. *Id*. They also request paragraph 56 of the complaint be stricken under Federal Rule of Evidence 408, which excludes references to settlement discussions. In their opposition, plaintiffs agree to withdraw the fourth, fifth and sixth claims. Opp'n, ECF No. 20. Plaintiffs plan to file an amended complaint removing those claims and the preliminary statement to cure the alleged lack of conciseness.[1] *Id*. ¶ 6.

      B.    Alleged Facts

          The claims in this case arise from the alleged abuse and mistreatment of plaintiff David Swanson, a twenty-two year old nonverbal special education student who has been diagnosed with autism and Type 1 diabetes. Compl. ¶ 1. Defendant Sutter County Superintendent of Schools (SCSOS) is a local educational agency, which provides special education and related services to students in Sutter County (the County), where David attended a special education day class. *Id*. ¶ 23. Defendant Yuba City Unified School District (the District) is a local education agency, which provides educational services to students in Sutter County. *Id*. ¶ 24. Defendant Barbara Hickman is the Director of Special Education for the County. *Id*. ¶ 25. Defendant Bill Cornelius is the Superintendent for the County. *Id*. ¶ 26.

/////

---

[1] This court's Standing Order requires parties to meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution before filing a motion. *See* Standing Order at 3, ECF No. 11-1. The purpose of this requirement is to allow counsel to carefully evaluate opposing contentions and determine whether an agreement can be reached to cure any defects. *Id*. Counsel should resolve minor procedural or other non-substantive matters during these discussions. *Id*. Here, it appears that compliance with the Standing Order would at least have narrowed the dispute the court is called to resolve.

In May 2012, David's one-to-one licensed vocational nurse ("LVN"), employed by the County, reported a teacher's alleged abuse of David to Adult Protective Services and Sutter County Superintendent Cornelius. *Id.* ¶ 2. Upon learning of her son's abuse, plaintiff and guardian ad litem Heather Swanson-Houston filed the following complaints against the County and the District: a due process complaint with the Special Education Division of the Office of Administrative Hearings on September 7, 2012; a complaint with the California Department of Education on or about October 22, 2012; a complaint with the County regarding the alleged abuse on October 24, 2012; and a complaint with the Office of Civil Rights on January 8, 2013; and a complaint with the Board of Nurses on February 20, 2013. *Id.* ¶¶ 3, 127. Individualized Education Program (IEP) meetings with Swanson-Houston to discuss David's care, alleged abuse, and future treatment were convened on November 8, 2012, April 12, 2013, May 3, 2013, August 19, 2013, and September 25, 2013. *Id.* ¶¶ 11, 33, 5, 52, 93. At the IEP meeting on November 8, 2012, Swanson-Houston gave copies of health records from David's doctor to County and District personnel. These documents included an Individualized Health Care Plan ("IHP"), a Diabetes Medical Management Plan ("DMMP"), and a Hypoglycemia Emergency Care Plan. *Id.* ¶ 34.

David's LVN was placed on administrative leave on February 19, 2013. *Id.* ¶ 4. The following day, Swanson-Houston informed the County she would provide David's diabetic care during the school day herself. *Id.* ¶¶ 4–5. The following day, the County and District informed Swanson-Houston that the provision of special education services was contingent on allowing County health care staff to provide David's care. *Id.* ¶ 8. The County also required Swanson-Houston to sign a release form authorizing sharing David's medical information with the school nurse. The County and the District made the provision of David's special education services contingent on the signing of this form, which Swanson-Houston refused to authorize. *Id.* ¶¶ 40, 41, 84. The County and District have not sent a school bus to pick up David to go to school or provided any special education services since February 15, 2013. *Id.* ¶ 10.

On February 22, 2013, Swanson-Houston sent an email to the County and the District notifying them that her "revocation of the medical release" and refusal to allow

"untrained SCSOS staff" to provide David's diabetes care "in no way rejects or implies a rejection of special education services or relieves SCSOS of their obligation to provide a free appropriate public education, special education services, or related service, therapy or recreation per David's signed IEP or Settlement Agreement." *Id*. ¶ 86.

David's August 19, 2013 IEP indicates that the County will provide David with LVN services by the County. At the time of the meeting, David had been out of school for approximately five months and needed support to transition back to school. *Id*. ¶ 54. The proposed new LVN would not have any training specific to David and communication with him, which is medically necessary. *Id*. ¶ 11.

Swanson-Houston and the County entered into a Settlement Agreement on October 23, 2013 regarding special education claims. *Id*. ¶ 31. On October 24, 2012, Swanson-Houston filed a complaint with the Sutter County Superintendent of Schools regarding David's alleged abuse by his teacher. *Id*. ¶ 32.

An IDEA administrative hearing was held on February 3 through 7, 2014. Plaintiffs claim the ALJ improperly conducted the hearing, ignored relevant evidence, cited a vacated case, misstated numerous facts, misapplied the law, and unilaterally rewrote one of the issues following the conclusion of the hearing. *Id*. ¶ 12. Plaintiffs seek review and partial reversal of the ALJ's findings and decision. Specifically, plaintiffs seek reversal of "Student's Issue 2: Did District and County deny Student a FAPE [free appropriate public education] by failing to provide him with special education and related services from February 21, 2013, through the present, and failing to permit Parent to choose the LVN or family member to provide Student with diabetic services at school?" and "District's Issue 1: Does District's August 19, 2013 IEP, including its offer of one-to-one LVN employed by either County or District, provide Student with a FAPE in the LRE [least restrictive environment]?" *Id*. ¶ 13.

   C.  Request for Judicial Notice

Under Federal Rule of Evidence 201, defendants request the court take judicial notice of the following: 1) the complaint, ECF No. 1, filed on June 16, 2014; 2) that Yuba City Unified School District is a California public entity and a California school district; and 3) that

Sutter County Superintendent of Schools is a California public entity and a California county Superintendent of Schools. A judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Regarding the first request, judicial notice is redundant if the matter in question is already in the record. *See Silvas v. G.E. Money Bank*, 449 F. App'x 641, 645 n.2 (9th Cir. 2011). The court need not take judicial notice of the complaint or its prior order in the same case. *Ortega v. Univ. of Pac.*, No. 13-1426, 2013 WL 6054447, at *3 (E.D. Cal. Nov. 15, 2013); *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 935 F. Supp. 2d 968, 979 (E.D. Cal. 2013). Requests (2) and (3) are facts that are not subject to reasonable dispute and are capable of accurate and ready determination. *See Anderson v. Peninsula Fire Dist.*, No. 2:13-CV-01736, 2014 WL 1400950, at *1 (E.D. Cal. Apr. 10, 2014) (taking judicial notice of defendant's public entity status). Accordingly, the court GRANTS defendants' unopposed request for judicial notice as to requests (2) and (3).

II.     STANDARD

   A.     Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); compare *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

B. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Redundant matter is defined as allegations that 'constitute a needless repetition of other averments or are foreign to the issue.'" *Taheny v. Wells Fargo Bank, N.A.*, No. 10–2123, 2011 U.S. Dist. LEXIS 44300, at *7 (E.D. Cal. Apr. 18, 2011) (quoting *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06–1455, 2007 U.S. Dist. LEXIS 8683 (E.D. Cal. Jan. 26, 2007)). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded [and] [i]mpertinent matter consists of statements that do not pertain, and are not

necessary, to the issues in question.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 & 711 (1990)). "'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are disfavored and infrequently granted." *Bassett v. Ruggles*, No. 09–528, 2009 U.S. Dist. LEXIS 83349, at *65 (E.D. Cal. Sep. 14, 2009). They "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation," *id.*, and "may cause prejudice to one of the parties." *Taheny*, 2011 U.S. Dist. LEXIS 44300, at *7; *see also Wynes v. Kaiser Permanente Hosps.*, No. CIV S–10–0702, 2011 U.S. Dist. LEXIS 35400, at *31 (E.D. Cal. Mar. 31, 2011) ("courts often require a showing of prejudice by the moving party").

III.  DISCUSSION

    A.  Rule 8

Defendants argue the complaint should be dismissed in its entirety because it fails to comply with Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation "be simple, concise, and direct." Defs.' Mot. at 7 (quoting Fed. R. Civ. P. 8(a)(2) and (d)(1)). Defendants contend the complaint, which consists of 33 pages and 167 paragraphs, is "excessively long" "unanswerable," and "fails to address the role of the various defendants in the factual allegations." *Id*. at 9. They aver that because the complaint fails to address the roles of the various defendants in its factual allegations, it falls short of the fair notice requirement.

The Ninth Circuit has addressed the issue of a lengthy complaint in the context of Rule 12(b)(6). *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008). In *Hearns*, the Ninth Circuit held a district court's dismissal of a complaint for length was an

abuse of discretion because the complaint at issue "set out more factual detail than necessary, but [the] overview was relevant" and was "logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which list[ed] the liable [d]efendants and legal basis . . . . ." *Id.* Here, the complaint alleges six claims against multiple defendants, and describes the detail of plaintiffs' IDEA proceedings, various IEP meetings, and communications between plaintiffs and defendants over a period of a few years. Plaintiffs' complaint is lengthy, but not excessively so in light of the need to provide fair notice and proper factual support for each allegation. That defendants' answer will "ultimately . . . be as long, if not longer, than the complaint itself," (Defs.' Mot. at 9), is ameliorated by plaintiffs' voluntary removal of three claims and the preliminary statement. The complaint satisfies Rule 8 because it contains factual allegations against each defendant that are plausible and is not rife with conclusory, boilerplate statements. The motion to dismiss on this basis is denied.

   B. Rule 12(f)

    Defendants argue, in the alternative, that plaintiffs should be required to provide a more definite statement or the entire complaint should be stricken.

    The Ninth Circuit has cautioned that a court may not resolve factual or legal issues in deciding a motion to strike. Instead, any assessment of the sufficiency of allegations as pled should be left for adjudication on the merits. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). As discussed above, defendants have not shown the necessity of a more definite statement because the complaint sufficiently details claims and puts defendants on notice. Defendants have not shown that any part of the complaint is redundant, immaterial, impertinent or scandalous matter. Rather, all of the factual allegations are relevant to the central issue of defendants' treatment of plaintiff Swanson and his guardian ad litem. The motion to strike the complaint in its entirety or to require a more definite statement is denied.

   C. Reference to Settlement Negotiations

    Defendants request that all of paragraph 56 in the complaint be stricken under Federal Rule of Evidence 408, which prohibits any references to or statements made in

connection with settlement discussions.  Defs.' Mot. at 5.  Plaintiffs argue the reference is made not for the prohibited purpose of showing liability, but "for the purpose of showing that the Defendants are sophisticated parties who were provided with ongoing legal support by their legal experts during the period of time at issue.  With this ongoing legal support, the Defendants had the opportunity to know of and to follow relevant education law."  Opp'n at 5.

Given the disfavored status of motions to strike and the apparent absence of any prejudice to defendants in denying the motion, the court denies the motion to strike without prejudice.  *See Stewart v. Wachowski*, No. 03-2873, 2004 WL 5618386, at *6 (C.D. Cal. Sept. 28, 2004) (collecting cases denying a motion to strike a reference to settlement negotiations at this preliminary stage).

IV.     CONCLUSION

For the foregoing reasons, the court orders:

1. Defendants' motion to dismiss and motion to strike are DENIED without prejudice.
2. Plaintiffs are directed to file an amended complaint withdrawing claims 4 through 6 and removing their preliminary statement, as stated in their opposition, within 21 days.

IT IS SO ORDERED.

DATED:  May 15, 2015.

UNITED STATES DISTRICT JUDGE