1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID SWANSON, through his guardian          No.  2:14-cv-01431-KJM-DB
     ad litem HEATHER SWANSON-
12   HOUSTON, and on her own behalf,

13             Plaintiffs,                        ORDER

14        v.

15   YUBA CITY UNIFIED SCHOOL
     DISTRICT, SUTTER COUNTY
16   SUPERINTENDENT OF SCHOOLS,
     Local Education Agencies,
17
               Defendants.
18

19

20             After the court granted defendants' motion for summary judgment, ECF No. 59,

21   and issued judgment against plaintiffs, ECF No. 60, defendants submitted to the court a Bill of

22   Costs on October 26, 2016, ECF No. 61.  Plaintiffs opposed on November 10, 2016, ECF No. 62,

23   and defendants filed a reply, ECF No. 64.  For the following reasons, the court GRANTS

24   defendants' request for costs.

25             Plaintiffs argue that imposition of costs is inappropriate because their case was not

26   frivolous or brought for an improper purpose.  ECF No. 62 at 2–4 (citing *C.W. v. Capistrano*

27   *Unified School District*, 784 F.3d 1237 (9th Cir. 2015)).  However, as the Ninth Circuit's

28   discussion in *C.W.* makes clear, the frivolousness standard applies to the shifting of attorneys'

                                      1

1  fees. *C.W.*, 784 F.3d at 1244.  In contrast, the imposition of costs are governed by Federal Rule of

2  Civil Procedure 54.  *See* Fed. R. Civ. P. 54(d)(1).  Rule 54 creates a presumption that costs be

3  allowed to the prevailing party, and the losing party has the burden to show why costs should not

4  be imposed.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003); *Nat'l Info.*

5  *Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471–72 (9th Cir. 1995).  In light of this presumption, a

6  district court need not specify reasons for its refusal to tax costs to the losing party.  *See, e.g.*,

7  *Assoc. of Mexican–American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).

8  Nonetheless, a district court should consider factors such as the losing party's limited financial

9  resources and the chilling effect on future civil rights litigants of imposing high costs.  *Stanley v.*

10  *U. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999).  A court may tax as costs several

11  categories of expenses, including for printed materials that are "necessarily obtained for use in the

12  case."  28 U.S.C. § 1920.

13          Here, the court finds plaintiffs have failed to satisfy their burden to show why

14  costs should not be awarded.  In their untimely opposition, plaintiffs argue their case was not

15  frivolous.  ECF No. 62 at 2–4.  As noted above, this argument addresses an inapplicable standard.

16  Plaintiffs next argue that costs should not be imposed because plaintiffs are of limited financial

17  means.  *Id.* at 4.  Plaintiffs do not provide a declaration supporting this argument, and apparently

18  rely only on the court's granting of plaintiffs' request to proceed *in forma pauperis*.  *Id.* (citing

19  court's order at ECF No. 9).  Plaintiffs' two-sentence assertion, without supporting evidence or

20  further substantiation, is not enough to meet their burden at this point to show costs would be

21  "inappropriate or inequitable."  *Assn. of Mexican-Am. Educators*, 231 F.3d at 593 (en banc); *see*

22  *also id.* at 599 (Fernandez, J., concurring in part) (citing *Cherry v. Champion Intern. Corp.*, 186

23  F.3d 442, 447–48 (4th Cir. 1999) (holding that there should not be an exception to the

24  presumption in favor of awarding costs to prevailing party because losing plaintiff is of "modest

25  means").  Plaintiffs finally argue the cost of $219.30 to print the administrative transcript should

26  not be imposed because plaintiffs ultimately provided these materials to defendants.  ECF No. 62

27  at 5.  However, plaintiffs provided these materials more than a year after the case was filed and

28  long after defendants incurred the costs for obtaining the administrative transcript for themselves.

1    *See* ECF No. 64 at 3.  Because early access to the administrative transcript was reasonably

2    necessary to defendants' defense, the court finds it was "necessarily obtained for use in the case."

3    28 U.S.C. § 1920.  Plaintiffs have failed to show why imposition of this final cost would be

4    inappropriate or inequitable.

5            Accordingly, the court GRANTS defendants' request for costs, including

6    defendants' request for reimbursement of $219.30 for the cost of the administrative transcript.

7    The clerk of court is directed to tax costs consistent with this order.

8            This resolves ECF No. 61.

9            IT IS SO ORDERED.

10   DATED:  April 6, 2017.

11

12                                    _____
                                      UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3